UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNIONS, SECURITY
POLICE AND FIRE PROFESSIONALS
OF AMERICA, (SPFPA) an International Union,
and DAVID L. HICKEY, the International
President of SPFPA,

    Plaintiffs,

v.                                                    Case No. 19-10743

STEVE MARITAS, an individual, and       HON. AVERN COHN
LAW ENFORCEMENT OFFICERS
SECURITY UNION, an unincorporated
union, CALVIN WELLS, JAMES BURKE,
and BRIKENER JEAN-GILLES,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. 10)

I.

This is a defamation and tortious interference case. Plaintiffs are David Hickey (Hickey) and International Unions, Security Police and Fire Professionals of America (SPFPA). SPFPA is an unincorporated international union doing business in Michigan and elsewhere. Hickey is the President of SPFPA and a resident of Michigan. Defendants are Law Enforcement Officers Security Union (LEOSU), Steve Maritas (Maritas), the founder and CEO of LEOSU, and LEOSU board member Calvin Wells (Wells). LEOSU is a rival union with locals in various states and is headquartered in New York. Wells is a resident of Pennsylvania. Maritas is a residents of New York.

Defendants filed a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and/or for change of venue under 28 U.S.C. § 1404(a). (Doc. 3).

The Court in part and denied in part the motion, dismissing LEOSU board members James Burke and Brikener Jean-Gilles.

Before the Court is defendants' motion for reconsideration (Doc. 10) to which plaintiffs have responded. (Doc. 12). For the reasons that follow, the motion is DENIED.

## II.

A motion for reconsideration will be granted only if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. See E.D. Mich. LR 7.1(h)(3); Taylor v. DaimlerChrysler AG, 313 F. Supp. 2d 703, 706 (E.D. Mich. 2004). A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted. See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

## III.

Defendants have failed to satisfy the standard for reconsideration. Defendants' primary complaint is that "this Court has narrowly applied Calder v. Jones, 465 U.S. 783 (1984), and declined to evaluate Defendants' motion under the subsequent appellate decisions since Calder." (Doc. 10 at p. 7). Notably, defendants only argue that the Court narrowly applied Calder, not that the Court applied it defectively. Moreover, the Court did look to cases after Calder, including Vangheluwe v. Got News, LLC, 365 F. Supp 3d 850, 856 (E.D. Mich. 2019) for the proposition that the Calder effects test still applies to personal jurisdiction in internet defamation cases.

Defendants also say the Court should have held an evidentiary hearing regarding personal jurisdiction. Defendants never requested an evidentiary hearing in their motion and provide no good reason why a hearing is necessary now, particularly in light of the fact that defendants offer no new argument or evidence to support their motion.

In the end, defendants simply disagree with the Court's conclusion. Defendants also cite a few new cases to support their argument that personal jurisdiction is lacking. However, as set forth in plaintiffs' response, none of the cases are dispostive or controlling. Moreover, despite defendants' protestations to the contrary, defendants' activities were aimed at Michigan, also as fully explained in plaintiffs' response.

SO ORDERED.

S/Avern Cohn<br>AVERN COHN<br>UNITED STATES DISTRICT JUDGE

Dated: 9/3/2019
Detroit, Michigan