UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNIONS
SECURITY POLICE AND FIRE
PROFESSIONALS OF AMERICA,
et al.,

Case No. 2:19-cv-10743

HONORABLE STEPHEN J. MURPHY, III

          Plaintiffs,

v.

STEVE MARITAS, et al.,

          Defendants.
                                       /

**ORDER DENYING MOTION FOR RELIEF
FROM SPECIAL MASTER APPOINTMENT ORDER [135]**

    The Court granted Plaintiffs' motion for default judgment and entered the Defendants' default. ECF No. 117, PageID.4770–4771. The Court then referred the parties to special master Thomas Schehr to evaluate damages pursuant to Federal Rule of Civil Procedure 53(a)(1)(B)(ii). ECF No. 130, PageID.6414. Defendants moved for relief from the order. ECF No. 135. Specifically, Defendants requested the Court to redistribute compensation for the special master or determine the issue of damages itself. *Id.* at PageID.6440. The Court will deny the motion.

    The Court ordered that the parties "split the [Special Master] costs and fees evenly, subject to redistribution by the Court." ECF No. 130, PageID.6415. Federal Rule of Civil Procedure 53(g) provides that the "court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for

1

the reference to a master." Defendants argued that "Defendant LEOSU has no money" and is "less responsible" than Defendant Maritas so the Court should not require Defendant LEOSU to pay special master fees. ECF No. 135, PageID.6439–6440. To be sure, Defendant LEOSU is in bankruptcy. *See id.* at PageID.6443; ECF Nos. 112, 113. But LEOSU's bankruptcy does not per se demonstrate an inability to pay. *See Gandy v. Shelby County*, No. 04-2919, 2007 WL 9710092, at *3 (W.D. Tenn. Aug. 24, 2007) (finding that just because a plaintiff "is currently in bankruptcy is not alone sufficient to demonstrate that [it] is incapable of paying" costs). Moreover, LEOSU is not "less responsible" than Maritas. In fact, Maritas was "at all relevant times acting . . . on its behalf." ECF No. 98, PageID.4351.[1] And LEOSU and Maritas' defamation of Plaintiffs (and their deletion of relevant ESI leading to the default judgment) necessitated the need to assess damages and thus the need for a special master. *See* ECF No. 117, PageID.4770–4772. The Court therefore will not reallocate costs and will not absolve LEOSU of the obligation to pay the special master. The Court will clarify, however, that its order that the parties should split the costs and fees evenly means that Defendants are jointly and severally obligated to pay half the Special Master's fees and that Plaintiffs likewise are jointly and severally obligated to pay half the Special Master's fees.

---

[1] The Court adopted the Report and Recommendation, ECF No. 98, and Defendants did not object to the finding that Maritas acted on behalf of LEOSU. *See generally* ECF No. 104 ("Defendants' objections to the Report and Recommendation relate only to the time permitted to the Defendants to produce" additional documents.); ECF No. 117.

2

**WHEREFORE**, it is hereby **ORDERED** that the motion for relief from the master appointment order [135] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: July 11, 2025